| | |
|---|---|
| Fill in this information to identify your case:<br><br>Debtor 1     Donald  Reid  Duckworth<br>Debtor 2     Dannette Daniel Duckworth<br>(Spouse, if filing)<br><br>United States Bankruptcy Court for the  Northern District of Georgia<br>Case number  22-53343 | ☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.<br><br>3.3,8.1_____ |

## Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1.  See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

### Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.
*In the following notice to creditors, you must check each box that applies.*

**To Creditor(s):**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects.  See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| §1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☑ Included | ☐ Not included |
| §1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not included |
| §1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not included |
| §1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ☑ Not included |

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4

**Part 2:** Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

§ 2.1  Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*

☐ 36 months  ☒ 60 months.

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $4000.00 per Month for the applicable commitment period.  If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

[o] The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced.  Insert additional lines as needed for more changes.):*

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
|  | $__ per ___ |  |

§ 2.2  Regular Payments: method of payments.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.  If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (*specify method of payment*):

§ 2.3  Income tax refunds.

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ___, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4  Additional Payments.

*Check one.*

☒ None.  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below.  *Describe the source, estimated amount, and date of each anticipated payment.*

§ 2.5  [Intentionally omitted.]

§ 2.6  Disbursement of funds by trustee to holders of allowed claims.

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Part 3: | Treatment of Secured Claims. |
|---|---|

### § 3.1 Maintenance of payments and cure of defaults, if any.

*Check one.*

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Huntcliff Trace HOA | 9355 Huntcliff Trace, Atlanta, GA 30350 | $0.00 | | $0.00 |
| Fulton County Tax Commisoner | 9355 Huntcliff Trace, Atlanta, GA 30350 | $0.00 | | $0.00 |

### § 3.2 Request for valuation of security and modification of certain undersecured claims.

*Check one.*

☐ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.* .

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of Creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Rushmore Loan Mgmt Ser | $196,870.00 | 9355 Huntcliff Trace - 1995 | $1,200,000.00 | $0.00 | $176,183.98 | 4.25% | | $3,270.00 |

### § 3.3 Secured claims to be paid in full.

*Check one.*

☐ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

   (1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

   (2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of

value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| IRS | 9355 Huntcliff Trace | | $53,562.28 | 7.50% | $0.00 | $550.00 |

### § 3.4  Lien Avoidance.

*Check one.*

☑ None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

### § 3.5  Surrender of Collateral.

*Check one.*

☑ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### § 3.6  Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of _4.25__%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:    Treatment of Fees and Priority Claims.**

### § 4.1  General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2  Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3  Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $5,000.00. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fee Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $500.00 per month from

Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $_2500.00___ not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $_2500.00_____ not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

§ 4.4   Priority claims other than attorney's fees.

☐ None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| IRS | $92,000.00 |

**Part 5:    Treatment Nonpriority Claims.**

§ 5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:
*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ A pro rata portion of the larger of (1) the sum of  $ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ The larger of (1) % of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.
☒ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

§ 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☒ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

§ 5.3   Other separately classified nonpriority unsecured claims.

*Check one.*

☒ If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:    Executory Contracts and Unexpired Leases.**

§ 6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Part 7: | Vesting of the Property of the Estate. |
|---|---|

§ 7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | Nonstandard Plan Provisions. |
|---|---|

§ 8.1   Check "None" or list Nonstandard Plan Provisions.

☐ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

That debtor shall turn over $28,000.00 per year in bonus income starting at the end of 2022.

Debtor shall be responsible for the timely payment of all post petition real property taxes and assessments and Homeowners Insurance (with U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT listed as loss payee).

| Part 9: | Signatures. |
|---|---|

§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).
*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

// Donald Reid Duckworth
Signature of Debtor 1 executed on: 9/6/22

// Dannette Daniel Duckworth
Signature of Debtor 2 executed on: 9/6/22

9355 Huntcliff Trace, Atlanta, GA 30350

/s/ Craig Black
Signature of attorney for debtor(s)

Date: 9/6/22

The Craig Black Law Firm, LLC

5555 Glenridge Connector Suite 200, Atlanta, GA 30342

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4

```
Label Matrix for local noticing        American Express National Bank         Amex
113E-1                                 c/o Becket and Lee LLP                 Po Box 297871
Case 22-53343-wlh                      PO Box 3001                            Fort Lauderdale, FL 33329-7871
Northern District of Georgia           Malvern  PA 19355-0701
Atlanta
Wed Aug  3 10:40:44 EDT 2022

Amex/Dsnb                              Bank Of America                        Bank of America, N.A.
9111 Duke Blvd                         Po Box 982238                          PO Box 673033
Mason, OH 45040-8999                   El Paso, TX 79998-2238                 Dallas, TX 75267-3033




Craig Zander Black                     Cap1/Neimn                             Cap1/Neimn
The Craig Black Law Firm, LLC          Po Box 31293                           Po Box 5253
Suite 200                              Salt Lake City, UT 84131-0293          Carol Stream, IL 60197-5253
5555 Glenridge Connector NE
Atlanta, GA 30342-4815


Discover Bank                          Discover Bank                          (p)DSNB MACY S
Discover Products Inc                  Po Box 30939                           CITIBANK
PO Box 3025                            Salt Lake City, UT 84130-0939          1000 TECHNOLOGY DRIVE MS 777
New Albany, OH 43054-3025                                                     O FALLON MO 63368-2222



Dannette Daniel Duckworth              Donald Reid Duckworth                  (p)GEORGIA DEPARTMENT OF REVENUE
9355 Huntcliff Trace                   9355 Huntcliff Trace                   COMPLIANCE DIVISION
Atlanta, GA 30350-1608                 Atlanta, GA 30350-1608                 ARCS BANKRUPTCY
                                                                              1800 CENTURY BLVD NE SUITE 9100
                                                                              ATLANTA GA 30345-3202


Laura A. Grifka                        Huntcliff Trace HOA                    IRS
McMichael Taylor Gray, LLC             P.O. Box 500365                        Centralized Insolvency Operation
3550 Engineering Drive                 Atlanta, GA 31150-0365                 Post Office Box 7346
Suite 260                                                                     Philadelphia, PA 19101-7346
Peachtree Corners, GA 30092-2871


IRS                                    Keybank Na                             Keybank Na
Centralized Insolvency Operation 19101-7  4910 Tiedeman Rd                    4910 Tiedman Road
Post Office Box 7346                   Brooklyn, OH 44144-2338                Brooklyn, OH 44144-2338
Philadelphia, PA 19101-7346



Office of The United States Trustee    (p)OFFICE OF THE ATTORNEY GENERAL OF GEORGIA   Rushmore Loan Mgmt Ser
75 Ted Turner Drive, S.W.              BUSINESS AND FINANCE BANKRUPTCY        15480 Laguna Canyon Rd S
Room 362                               40 CAPITOL SQUARE SW                   Irvine, CA 92618-2132
Atlanta, GA 30303-3330                 ATLANTA GA 30334-9057



Scott Morrow Construction LLC          Special Assistant U.S. Attorney        Syncb/Bp
609 Coan Dr                            401 W. Peachtree Street NW             Po Box 965024
Locust Grove, GA 30248-2135            Stop 1000-D, Suite 600                 Orlando, FL 32896-5024
                                       Atlanta, GA 30308



U.S. Bank National Association         United States Attorney                 United States Attorney Office
Rushmore Loan Management Services LLC  Northern District of Georgia           75 Ted Turner Drive SW
P.O. Box 55004                         75 Ted Turner Drive SW, Suite 600      Suite 600
Irvine, CA 92619-5004                  Atlanta GA 30303-3309                  Atlanta, GA 30303-3309
```

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303-1216

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Dsnb Bloom
Po Box 8218
Mason, OH 45040

GADOR
Georgia Department of Revenue Compliance
1800 Century Blvd NE, Suite 9100
Atlanta, GA 30345-3202

Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

(d)State of Georgia Revenue Commissioner
1800 Century Boulevard
Suite 15300
Atlanta, GA 30345

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)U.S. Bank National Association

End of Label Matrix
Mailable recipients    30
Bypassed recipients     1
Total                  31

## CERTIFICATE OF SERVICE

      I hereby certify that I am more than 18 years of age and that I have this day served a copy of the attached documents by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery or by other means as follows:  Debtor via email.

      I further certify that I electronically filed the foregoing documents with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record.  These parties will not receive notice via first class mail if listed on the mailing matrix.

Dated: September 6, 2022

      /s/
Craig Black
GA Bar No.: 137410
The Craig Black Law Firm, LLC
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342
(678) 888-1778
**Attorney for the Debtor**
cb@craigblacklaw.com